# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JESSICA IRVING,

      Plaintiff,

v.                                    Civil Action 2:16-cv-728
                                       Judge Michael H. Watson
                                       Magistrate Judge Jolson

STEVE CARR, et al.,

      Defendants.

## ORDER

This case is before the Court on a discovery matter. Defendants have asserted that the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA") precludes production of student names in the documents they produce. However, Plaintiff asserts that her ability to conduct discovery and respond to the accusations against her will be impaired absent identification of the students' names. Hence, the parties have reached an agreement concerning the discovery of that information as well as other confidential material, including all personally identifiable information from a student's education record. This Order reflects the parties' agreement, which is adopted by this Court. Specifically, the parties have agreed:

Defendants and any third party shall produce documents responsive to Plaintiffs' discovery requests with student names unredacted. Each document containing such information shall be marked "Confidential" and is designated as "Discovery Material."

Confidential information shall include the following regardless of designation: any and all personally identifiable information from an education record of a student that is protected by FERPA, 20 U.S.C. §1232g; 34 C.F.R., part 99.

All Discovery Material designated as "Confidential" when it is produced, or designated as "Confidential" during any depositions taken during this litigation, shall (unless the "Confidential" designation is voluntarily withdrawn or stricken by Order of this Court) be used solely for purposes of the litigation and for no other purpose. If, in the course of discovery or other proceedings in this litigation, Defendants, Plaintiff, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A party may designate information produced in discovery as "Confidential" material only if the disclosing party determines, in good faith, that such material contains individually-identifiable information of students.

Documents shall be designated as "Confidential" by stamping each page of the document with the corresponding legend. Deposition testimony shall be designated "Confidential" by so indicating orally on the record during the deposition. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

Any person in possession of Confidential Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

Confidential Discovery Material shall not be disclosed to third parties who are not litigants in this case or their counsel, except as provided herein, or except upon prior written consent of the designating party.

Prior to the disclosure of Confidential Discovery Material, the disclosing party shall take reasonable efforts to notify affected students by mailing a notification form to the student's last known address. The notification shall be sent in such a manner that allows the student reasonable time to state an objection to the production of the information. The parties agree that fourteen days from the date that the disclosing party sends the notice is a reasonable period to allow a student to state an objection. *See Browning v. Univ. of Findlay Bd. of Trs.*, 2016 U.S. Dist. LEXIS 100294, *4-8. At the expiration of the fourteen-day objection deadline, the disclosing party will produce a list to the Court and the parties of all students who did not send an objection to the disclosing party's counsel. Within a reasonable time after providing this list, not to exceed thirty days after the initial notice period of fourteen days or fourteen days after subsequent notice periods, the disclosing party will produce the requested records in compliance with FERPA and subject to the Federal Rules of Civil Procedure and any applicable privilege or doctrines which may otherwise prevent discovery of the information contained within the Confidential Discovery Material.

If a student objects to the disclosure of information protected by FERPA, then the student may submit the reasons for their objection to the disclosing party. The disclosing party shall then at the expiration of the fourteen-day period for objections submit any relevant Confidential Discovery Material to the Court for consideration and ruling on those objections. The parties agree that, upon request, the Court may make an initial *ex parte* determination of whether a student's objections justify preventing disclosure under the terms of this Order. If the Court overrules a student's objection, then the disclosing party shall provide the information with seven (7) days of the Court's decision. If the Court sustains a student's objection, then the Court shall provide the student's objections to the parties for consideration without filing it on the public

docket. The parties shall have seven (7) days within which to contest the Court's ruling sustaining a student's objection, including the ability to argue that the right to obtain the student's personally-identifiable information in discovery outweighs the stated privacy objection. Under such circumstances, the party may request leave to file a motion for reconsideration under seal.

Discovery Material that is designated "Confidential" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    (a)     the Court (including any appellate court) and Court personnel;
    (b)     court reporters in connection with the taking of a deposition or the transcription of court proceedings;
    (c)     attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees;
    (d)     parties to this litigation and their officers, directors, trustees, and managerial employees;
    (e)     the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in this litigation;
    (f)     anticipated and actual fact witnesses other than the parties to this litigation, either during or outside a deposition or court proceeding, provided that counsel disclosing the Confidential Discovery Material has a good-faith basis to disclose such information to such witness;
    (g)     experts, advisors, consultants, and other persons engaged to assist directly in this litigation; and
    (h)     mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to this litigation to participate in a resolution of this litigation.

All persons to whom Confidential Discovery Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

In the event that counsel for any signatory to this Order at any time believes that Confidential Discovery Material should cease to be so designated, such counsel shall so notify

counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith. If agreement is not reached, counsel for the party challenging the "Confidential" designation shall have the burden of filing a motion and may move upon proper written notice, at any time, to obtain an order from this Court resolving the dispute over the challenged "Confidential" designation. In the event that such a motion is made, any disputed Confidential Discovery Material shall remain subject to and protected by this Order until such motion is resolved. In the event that a motion challenging the "Confidential" designation is filed, it shall at all times be the burden of the party or person seeking the "Confidential" designation to demonstrate, under existing standards of law, that the Discovery Material at issue warrants the "Confidential" designation.

Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

The procedure in the event of a party seeking to file material designated Confidential Material pursuant to this Order shall be governed by *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and shall be as follows. If a party who seeks to file documents previously designated Confidential Material pursuant to this Order wishes to make them a part of the public record, that party shall notify all parties and/or any third party that produced material of the intent to file, shall identify each document which the party intends to file; whereupon, if the originating party or any other party seeks to preclude filing in the public record, that party shall, within ten (10) days of notification by the intended filer, file with the Court a Motion, supported as required by *Shane Group*, for an Order requesting filing under seal.

In the event no party files a Motion to Seal within that period, the documents shall be filed in the public record, and all parties shall be relieved of the provisions of this Order relating to maintaining confidentiality of the information.

In the event a party intends to file any Confidential Material under seal, after consultation with other parties and the expiration of the 10-day period set forth herein, that party shall first file a Motion with the Court identifying each document the party claims is subject to confidential treatment in the Court file, and shall support the Motion as required by *Shane Group*. Thereupon, any party may oppose the Motion.

IT IS SO ORDERED.


Date:  May 26, 2017                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE



Approved:

/s/ Michael Garth Moore
Michael Garth Moore (0025047)
341 South Third Street Suite 100-204
Columbus, Ohio 43215
Telephone 888-318-0075
e-mail:  mike@mgmoorelaw.com
*Trial Counsel for Plaintiff*


/s/ Michael J. Valentine
Michael J. Valentine (0038806)
Reminger Co., L.P.A.
65 East State Street, 4th Floor
Columbus, Ohio  43215
(614) 232-2421; FAX (614) 232-2410
e-mail:  mvalentine@reminger.com
*Attorney for Defendants Board of Education Southwestern*

*City School District, Steve Carr, Nicole Tyo, Director, Special Education, Jennifer Bogenrife, Coordinator, Special Education Deborah Carpenter, Coordinator, Special Education, Carl R. Metzger, Assistant Superintendent, Personnel, Amber Hufford, Coordinator, Student Services, and William Wise, Superintendent of Schools, Individually and in their Official Capacity*