IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jessica Irving,

    Plaintiff

-vs-

Steve Carr, et al.,

    Defendants.

Civil Action No. 2:16-cv-00728
Judge Michael H. Watson
Magistrate Judge Kimberly Jolson

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

This matter came before the Court on Plaintiff's subpoena to the Ohio Department of Education ("Department") seeking certain documents related to the referral of a School Educator Misconduct Report submitted by Defendant, Southwestern City School District ("Southwestern") to the Department on January 27, 2016. The Department has objected to production of documents based on state law, particularly O.R.C. §3319.311, which provides that information relating to an investigation commenced in response to such a report is confidential. Plaintiff asserts that state law statutes conferring confidentiality do not govern in a federal case asserting constitutional violations, and are not governed by any privilege under Fed. R. Evid. 501. Arguments aside, Plaintiff and the Department have stipulated that the documents that the Department has agreed to produce and testimony, if taken, accurately reflect communications from Southwestern or its administrators to the Department related to the referral of a School Educator Misconduct Report that Southwestern submitted to the Department on January 27, 2016.

1

At the request of the Plaintiff and the Department, this Court hereby issues a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the following terms:

1. A "Party" is defined as any Plaintiff or Defendant named in the above-captioned matter, and the Ohio Department of Education [hereafter, "Department"]. Collectively, Plaintiffs, Defendants and the Department in the above-captioned matter shall be referred to as "the Parties."

2. For the purposes of this Protective Order, "Confidential Information" is defined as any document or electronically stored information created, received or maintained by any Party in which such party asserts a right to confidentiality under statute.

3. Nothing in this Protective Order shall impose any restrictions on the use or disclosure by a party or witness of documents, materials or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

4. Additionally, counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." "Confidential" information or documents may be referred to collectively as "confidential information."

5. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable law and Court rules.

6. Information or documents designated as "confidential" shall not be disclosed to any person, except:

   a. Counsel for the requesting party;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   d. Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

   e. The Court (including any clerk, stenographer, or other person having access to any Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

7. The Parties agree that the Confidential Information will not be used to contact individuals who are not parties, without agreement of the parties or leave from Court.

8. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided that the material is designated pursuant to the procedures set forth herein no later than that latter of fourteen (14) days after the close of discovery or fourteen (14) days after the document or information's production. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9. The procedure in the event of a party seeking to file material designated Confidential Material pursuant to this Order shall be governed by *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016) and shall be as follows. If a party who seeks to file documents previously designated Confidential Material pursuant to this Order wishes to make them a part of the public record, that party shall notify all parties of the intent to file, shall identify each document which the party intends to file; whereupon, if the Originating Party or any other party seeks to preclude filing in the public record, that party shall, within ten (10) days of notification by the intended filer, file with the Court a Motion, supported as required by *Shane Group*, for an Order designating each document be filed under seal.

10. In the event no party does files a Motion to seal within that period, the documents shall be filed in the public record, and all parties shall be relieved of the provisions of this Order relating to maintaining confidentiality of the information.

11. At the conclusion of litigation, the Confidential Information and any copies thereof shall be promptly (and in no event after than six (6) months after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential.

12. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

13. The Protective Order may be enforced by either party and any violation may result in the imposition of sanctions by the Court.

14. The inadvertent production of any material shall be without prejudice to any claim that such material is privileged and/or protected from discovery as work product, and the producing Party shall not be held to have waived any such claim by inadvertent production, provided that the producing Party promptly advises the other Party of its position and identifies the documents to which the assertion is claimed. All inadvertently produced material as to which a claim of privilege is assured and any copies thereof shall be returned promptly.

Therefore, the Court Orders that the Department shall, within ten (10) days of this Order, produce to Plaintiff the previously mentioned stipulated documents related to the January 27, 2016 communication between the Department and Southwestern regarding Southwestern's submission of an Educator Misconduct Reporting Form involving Plaintiff, Jessica Irving.

IT IS SO ORDERED.

Date: November 28, 2017          /s/ Kimberly A. Jolson
                                 KIMBERLY A. JOLSON
                                 UNITED STATES MAGISTRATE JUDGE


/s/ Michael Garth Moore
Michael Garth Moore (025047)
341 South Third Street Suite 100-204
Columbus, Ohio 43215
Telephone 888-318-0075
Fax: 888-318-0075
mike@mgmoorelaw.com

Trial Counsel for Plaintiff

/s/ Adam P. Bessler
ADAM P. BESSLER (0088764)
Assistant Attorney General
Office of the Ohio Attorney General
Education Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215-3400
Telephone: (614) 644-7250
Facsimile: (614) 644-7634
Adam.Bessler@ohioattorneygeneral.gov

Counsel for the Ohio Department of Education